IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERICAN APPAREL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. |
| | ) | |
| WEBVENTION HOLDINGS LLC and | ) | JURY TRIAL DEMANDED |
| WEBVENTION LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff American Apparel, Inc. ("American Apparel") brings this complaint against Defendants Webvention Holdings LLC and Webvention LLC (collectively, "Webvention" or "Defendants") for declaratory judgment of non-infringement of U.S. Patent No. 5,251,294 and invalidity of U.S. Patent No. 5,251,294 (the '294 Patent") and states as follows:

### THE PARTIES

1. Plaintiff American Apparel is a corporation incorporated and existing under the laws of the State of Delaware, having its principal place of business at 747 Warehouse St., Los Angeles, CA 90021.

2. American Apparel is a manufacturer, distributor and retailer of clothing. American Apparel based in downtown Los Angeles, California, and it operates the largest garment factory in the United States.

3. Upon information and belief, Webvention Holdings LLC is a limited liability company incorporated and existing under the laws of the State of Delaware. Webvention Holdings LLC can be served with process through its registered agent, Business Filings Incorporated, 108 West 13th Street, Wilmington, Delaware 19801.

- 2 -

4. Upon information and belief, Webvention LLC is a wholly-owned subsidiary of Webvention Holdings LLC. Webvention LLC is a limited liability company incorporated and existing under the laws of the State of Texas, having its principal place of business at 505 East Travis Street, Suite 209, Marshall Texas, 75670.

5. Upon information and belief, Webvention LLC is the owner and assignee of the '294 Patent entitled "Accessing, assembling and using bodies of information," which issued on October 5, 1993. A copy of the '294 Patent is attached hereto as Exhibit A.

6. In the Certificate of Formation of Webvention LLC, Webvention Holdings LLC is listed as the sole manager of Webvention LLC.

7. Upon information and belief, Webvention Holdings LLC is the sole member of Webvention LLC.

8. Upon information and belief, Webvention Holdings LLC formed Webvention LLC for the sole purpose of acquiring the '294 Patent, and Webvention LLC acts as the agent of Webvention Holdings LLC. Furthermore, Webvention LLC's activities are directed by Webvention Holdings LLC.

## JURISDICTION AND VENUE

9. This is a declaratory judgment action for invalidity and non-infringement of a patent.. Plaintiff American Apparel asserts claims under the United States Patent Act, 35 U.S.C. § 271 *et seq*. This Court has federal subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

10. Pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202, this Court may hear and determine the rights of the parties because there is an actual controversy within this Court's jurisdiction concerning the non-infringement of the '294 Patent.

11. Venue is proper in this Court under 28 U.S.C. §§1391(b) and (c) and 28 U.S.C. 1400(b).

12. This Court has personal jurisdiction over Webvention Holdings LLC at least by virtue of the fact that it is a Delaware LLC, and has availed itself of the rights and benefits of Delaware law. Upon information and belief, Webvention LLC is subject to personal jurisdiction in this Court because it is controlled by its parent company Webvention Holdings LLC.

## FACTS

13. On August 4, 2010, Todd Schmidt of Webvention LLC sent a letter to Mr. Glenn Weinman, General Counsel of American Apparel, alleging that certain aspects of the American Apparel website infringe the '294 Patent. A copy of this letter is attached hereto as Exhibit B.

14. The letter attaches a claim chart which purports to show how the American Apparel website "utilizes claims 28, 37 and 40 of the '294 Patent." The letter also alleges that American Apparel's website "may" utilize claims 1-8, 12-21 and 78. Furthermore, the letter states that American Apparel "should consider" claims 29, 31-33, 41-44, 47, 53, 55 and 64 of the '294 Patent.

15. American Apparel is the registrant of, operates, and has control over the contents of www.americanapparel.net.

16. In the letter, Webvention offers a license to the '294 Patent in exchange for a one-time, fully paid-up licensing fee of $80,000. That offer to license expires 45 days from the date of the letter.

17. The letter contains a "Notice" which states that "Webvention Licensing LLC reserves all rights with regard to the '294 patent, including: (1) the right to seek damages

anytime within the last six years that your company started to make use of Webvention's patented technology…"

18. The letter also states that Webvention has retained The Davis Firm, P.C. to "assist the company in the licensing of the '294 patent."

19. On July 20, 2010, Webvention filed a lawsuit in the Eastern District of Texas against 19 companies alleging infringement of the '294 Patent. The case is entitled *Webvention LLC v. Abercrombie & Fitch, Co., et al.*, C.A. No. 2:10-cv-253-TJW.

20. On October 5, 2010, Webvention filed another lawsuit in the Eastern District of Texas against 20 additional companies alleging infringement of the '294 Patent. The case is entitled *Webvention LLC v. Adidas America Inc., et al.*, C.A. No. 2:10-cv-410-TJW. In both Texas cases, The Davis Firm is counsel of record to Webvention.

21. As a result of the foregoing, an actual controversy exists between American Apparel and Webvention concerning whether American Apparel is infringing the '294 Patent. Furthermore, American Apparel reasonably believes that there is a substantial controversy between American Apparel and Webvention of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNT I

### Declaratory Judgment of Non-Infringement of the '294 Patent

22. Plaintiff American Apparel incorporates and realleges all previous paragraphs of this complaint, inclusive, as if fully set forth herein.

23. American Apparel does not presently infringe, nor has it ever infringed, either directly or indirectly any valid claim of the '294 Patent, either via its website www.americanapparel.net or otherwise.

24. Webvention has alleged that American Apparel's website infringes the '294 Patent and requested payment of a licensing fee.

25. As a result of the letter sent to American Apparel and Webvention's litigation activities, American Apparel reasonably believes that there is a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNT II

### Declaratory Judgment of Invalidity of the '294 Patent

26. Plaintiff American Apparel incorporates and realleges all previous paragraphs of this complaint, inclusive, as if fully set forth herein.

27. American Apparel is not liable to Webvention for infringement of the '294 Patent at least for the reason that the '294 Patent is invalid. More specifically, the '294 Patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

28. The '294 patent is invalid at least for the reasons set forth in the Request for *Ex Parte* Re-Examination of the '294 Patent filed with the United States Patent and Trademark Office ("PTO") on September 7, 2010 and assigned control number 90/011,208 by the PTO.

29. The '294 Patent is invalid at least for the reasons set forth in the Request for *Ex Parte* Re-Examination of the '294 Patent filed on September 13, 2010 and assigned control number 90/011,229 by the PTO.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff American Apparel respectfully requests:

A. A judicial determination and declaration that Plaintiff American Apparel does not infringe upon the '294 Patent;

B. A judicial determination and declaration that the '294 Patent is invalid;

C. An order prohibiting Webvention from alleging infringement or instituting any legal action for infringement of the '294 Patent against American Apparel or anyone acting in privity with American Apparel;

D. A declaration that this is an exceptional case under 35 U.S.C. § 285 and for an award to Plaintiff American Apparel of attorneys' fees and costs in this action; and

E. Such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), American Apparel hereby demands a trial by jury on all issues so triable herein.

_____
Frederick L. Cottrell (#2555)
Cottrell@rlf.com
Kelly E. Farnan (#4395)
farnan@rlf.com
Stephen M. Ferguson (#5167)
ferguson@rlf.com
Richard, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700

*Attorneys for Plaintiff*
*American Apparel Corporation*

OF COUNSEL:

Thomas F. Zuber
Jeffrey J. Zuber
Sarah S. Brooks
Zuber & Taillieu LLP
777 S. Figueroa Street
37th Floor
Los Angeles, CA 90017
(213) 596-5620

Dated: November 1, 2010